Carlos Dale **SPECK**, et ux, Appellants,

v.

**FORD MOTOR COMPANY**, et al, Appellees.

No. C14–85–660–CV.

Court of Appeals of Texas, Houston (14th Dist.).

March 20, 1986.

Rehearing Denied April 17, 1986.

**274**

William D. Weber, Houston, for appellants.

Earl B. Austin, Michael S. Goldberg, Baker & Botts, Steve Underwood, Houston, for appellees.

Before JUNELL, DRAUGHN and ELLIS, JJ.

## OPINION

JUNELL, Justice.

Carlos Dale Speck and Amelia Speck appeal an order dismissing their lawsuit for want of prosecution. In their sole ground of error, appellants contend the trial court abused its discretion in denying their motion to reinstate and in overruling their motion for rehearing on the order denying their motion to reinstate. Appellees Ford Motor Company and Southwest Lincoln-Mercury, Inc. filed a motion to dismiss the appeal for want of jurisdiction under Rule 165a, Tex.R.Civ.Pro. We overrule the motion to dismiss and affirm the judgment of the trial court.

Appellants bought a Mercury automobile from Southwest Lincoln-Mercury in July, 1974. The car developed a series of mechanical problems that were never satisfactorily corrected. In January, 1980 appellants filed suit against Ford Motor Company and Southwest Lincoln-Mercury alleging breach of warranties under the Texas Deceptive Trade Practices Act.

Following the filing of their suit, appellants took no steps to prosecute their cause of action for over four years. Appellees Ford and Southwest began to prepare their cases immediately. Early in 1980 Ford and Southwest sent interrogatories to the appellants. In July Ford took appellants' depositions. Thereafter no further activity occurred in the case until notice that the case had been placed on the dismissal docket was sent to appellants in early 1984. Appellants responded by filing a motion to retain in March, 1984. The motion was granted on April 13, 1984. In their motion to retain appellants stated that discovery in the case had been completed and the case was ready to be set for trial. In September, 1984 appellants sent interrogatories to Ford. Although these interrogatories went unanswered, appellants never filed a motion to compel answers. In April, 1985 after notice had been sent informing appellants the case was again on the dismissal docket, appellants filed a motion for sanctions against Ford. Before Ford's requested hearing on the motion for sanctions could be held, the case was dismissed for want of prosecution in an order signed May 6, 1985.

Appellants had not filed a motion to retain at the time the dismissal order was signed. In May they filed a motion to reinstate and a first amended motion to reinstate. Appellants failed to appear at the hearing on the motions to reinstate held June 17, 1985. The motion was denied. After failing to appear, appellants filed a motion for rehearing on the order

denying reinstatement. The affidavits of appellants' attorneys that accompanied the motion for rehearing state that failure to file a motion to retain had been due to an administrative oversight and that failure to attend the hearing was the result of a lack of communication between attorneys when the case was transferred within the law firm. The affidavits further state that failure to file a motion to retain or attend the hearing on the motion to reinstate was due to oversight, inadvertence, accident, or mistake rather than conscious indifference.

Appellants concede that the dismissal order was properly entered in that no motion to retain was on file when the order was signed. However, they contend that their motion for reinstatement and motion for rehearing should have been granted because the oversights which resulted in their not filing a motion to retain and not attending the hearing were not a result of conscious indifference.

Rule 165a(1), Tex.R.Civ.P., allows dismissal for want of prosecution for failure of the party seeking affirmative relief or his attorney to request a hearing or take other action specified by the court within fifteen days after notice of intent to dismiss for want of prosecution is mailed.

Rule 165a(2), Tex.R.Civ.P., requires the court to grant a motion to reinstate "upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained."

■ The words "the failure" in section 2, Rule 165a must be construed in connection with the grounds for dismissal set out in Rule 165a. The provision for reinstatement applies only to cases that are dismissed because of the failure of the party to appear for a hearing or trial or to request a hearing within 15 days after the mailing of notices of the court's intention to dismiss the case, *or to take some other action specified by the court* within the 15 day period after the mailing of notices. *Metal Enterprises, Inc. v. Don Love, Inc.*,

559 S.W.2d 90, 92 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ) (emphasis added).

Local Rule 7, of the Rules of Practice of the District Courts of Harris County, Texas (effective April 1, 1985) provides:

A.  Date. On the first Monday of April of each year at 10 a.m., each case which is not set for trial and which has been on file for more than four years shall be set for hearing *to show cause* why it should not be dismissed for want of prosecution. *Unless cause is shown,* the case will be dismissed by the court for want of prosecution without further notice. (emphasis added.)

■ Local Rule 7 requires cause be shown to prevent the dismissal of a case for want of prosecution. This requirement constitutes "some other action specified by the court" under Rule 165a, Tex.R.Civ.Pro. The "failure" appellant had to explain in his motion for reinstatement was the failure to show cause why the cause of action should not be dismissed.

Appellants' attorneys Kuhn, Weber, and Bryan submitted affidavits with the motion for rehearing. Weber's affidavit gives reasons why he did not know a motion to reinstate was pending and why he did not attend the hearing on the same. Bryan's affidavit states she prepared a motion to retain and believed it had been filed. Kuhn's affidavit explains his office procedure regarding the filing of motions to retain and the circumstances surrounding Weber's failure to attend the hearing on the motion to reinstate.

None of the affidavits state that due diligence had been used in the prosecution of the case itself or give reasons why the case should have been retained on the docket. The affidavits do not explain why appellants took no affirmative action to prosecute their case for four years after they filed suit. Rather, each affidavit addresses and attempts to explain the failure to file the motion to retain or attend the hearing on the motion to reinstate.

Appellants had filed suit in 1980. Between 1980 and 1984, when they filed their motion to retain, appellants did little or nothing to pursue their case. In their 1984 motion to retain appellants stated that discovery was complete and the case was ready to be set for trial. Thereafter they did nothing to have the case set for trial. Appellants claim that they were prevented from pursuing the case by Ford's failure to answer appellant's interrogatories. After interrogatories were sent to Ford in September, 1984, appellants took no further action until filing the motion for sanctions on April 16, 1985, at which time the case was already on the dismissal docket again.

Appellants did nothing to prosecute their case for over four years. Only after receiving notice of impending dismissal did they act to keep the case on the docket. After the 1984 motion to retain was granted, they failed to pursue the case even though they had sworn in the motion to retain that the case was ready for trial.

■ The trial court may consider the entire history of a case in deciding whether or not to dismiss for want of prosecution. *State v. Rotello,* 671 S.W.2d 507, 509 (Tex. 1984). The test for appellate review of dismissal for want of prosecution is whether the trial court committed a clear abuse of discretion. *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957). In light of the history of this case, we cannot say that the trial court abused its discretion in dismissing for want of prosecution. No matter how understandable the events following the dismissal, such excuses are irrelevant in light of overwhelming evidence that appellants failed to prosecute the case with due diligence before the dismissal order was signed. We overrule appellants' point of error.

Appellees Ford and Southwest filed a motion to dismiss this appeal for want of jurisdiction. Appellees claim that because no motion for new trial was filed, appellants were required under Rule 356(b), Tex. R.Civ.Pro., to file their cost bond within thirty days from the date the dismissal order was signed. The dismissal order was signed May 6, 1985. According to appellees the cost bond had to be filed by June 5, 1985. Appellants filed their cost bond on August 19, 1985, pursuant to an extension of time to file cost bond and record granted by this court.

■ Under Rule 165a Tex.R.Civ.Proc. (Vernon 1986) the filing of a motion to reinstate has the same effect as the filing of a motion for new trial under Rule 329b in respect to extending the time for perfecting an appeal to within ninety days after the dismissal order is signed. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 29 Tex.Sup.Ct.J. 257 (1986).

Appellants had ninety days from the day the order of dismissal was signed to file the appeal bond. Appellees' motion to dismiss for want of jurisdiction is overruled. We affirm the judgment.