**STROMBERG CARLSON LEASING CORP., Appellant,**

v.

**CENTRAL WELDING SUPPLY CO. & Amerigas, Inc., Appellees.**

No. B14–87–581–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 28, 1988.

Rehearing Denied May 26, 1988.

Thomas B. Greene, III, Houston, for appellant.

Robert D. McPherson, James R. Jones, Houston, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant and lessor, Stromberg Carlson Leasing Corporation ["Stromberg"], appeals from a judgment of dismissal for want of prosecution. Appellant sought damages from the appellees, Central Welding Supply Co. and its successor-in-interest, Amerigas, Inc., who had leased telecommunications equipment through Stromberg

since 1974 pursuant to a written contract. Appellant's point of error alleges the trial court abused its discretion by dismissing its case for want of prosecution and failing to grant its motion to reinstate. We affirm.

After a dispute arose over payments allegedly due Stromberg, it filed suit against the appellees on October 19, 1982. They followed their November 15, 1982 general denial with a third party action filed on February 4, 1983. That action impleaded and sought damages from third party defendants, Stromberg–Carlson Communications Corporation, vendor of the equipment leased, and General Dynamics Corporation, parent company of both appellant and the vendor. On April 22, 1983, the third party defendants answered with a general denial which also raised lack of notice and limitations issues.

Stromberg and the appellees both agree that Stromberg requested interrogatories and documents from appellee in May of 1983. Both parties also agree that appellees noticed the depositions of the third party defendants' chief executive officers, that those officers failed to appear, and that appellees thereafter filed a motion for sanctions, which the trial court did not hear. Stromberg contends the appellees withdrew their motion for sanctions by agreement, while the appellees state they merely failed to urge their motion. There is nothing in the record to show that the appellees actually withdrew their motion for sanctions, or that the parties filed an agreement with the court.

No further activity occurred until March 23, 1987, when appellant received notice that its case had been placed on the Harris County annual dismissal docket scheduled for April 4, 1987. Appellant filed a verified motion in which it asked the trial court to retain the case on its trial docket. Appellant did not request a hearing on the motion. Pursuant to the court order of the Harris County dismissal docket entered on April 13, 1987, the case was dismissed for want of prosecution. On May 13, 1987, Stromberg filed a timely and verified motion to reinstate to which the appellees filed a response. Without holding a hearing, the

trial court denied the motion to reinstate on June 4, 1987.

Texas trial courts have inherent discretion to dismiss for failure to prosecute. *Veteran's Land Board v. Williams,* 543 S.W.2d 89, 90 (Tex.1976) (per curiam). In addition, Tex.R.Civ.P. 165a and Local Rule 7 (now Rule 3.6) specifically authorize Harris County trial courts to dismiss a case which a party has failed to prosecute diligently. As appellant acknowledges, it carries the heavy burden of establishing a clear abuse of discretion in order for this court to reverse a dismissal for want of prosecution, whether the trial court acted pursuant to its express or inherent authority, and whether appellant complains of the order of dismissal or the denial of its motion to reinstate. *See State v. Rotello,* 671 S.W.2d 507, 509 (Tex.1984); *Veteran's Land Board,* 543 S.W.2d at 90, citing *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85 (1957); *Speck v. Ford Motor Co.,* 709 S.W.2d 273, 276 (Tex.App.—Houston [14th Dist.] 1986, no writ). The controlling question is whether appellant exhibited due diligence in prosecuting its case. *Veteran's Land Board,* 543 S.W.2d at 90; *Bevil,* 307 S.W.2d at 87; *Texas Resources, Inc. v. Diamond Shamrock Corp.,* 584 S.W.2d 522, 524 (Tex.Civ.App.—Beaumont 1979, no writ). In assessing appellant's diligence this court may properly consider the entire history of the case. *Rotello,* 671 S.W.2d at 508–09.

We first address the contention that the trial court abused its discretion by dismissing appellant's case. Appellant's March 23 motion asked the court to retain the case, alleged it had completed discovery, was ready for trial, and was willing to produce "suitable representatives" should appellees require their depositions, and requested that the case be placed on the trial docket. Appellant alleged the appellees had withdrawn their motion for sanctions after the parties came to an agreement that the appellees would request, and appellant would produce, "appropriate corporate officials with knowledge of the issues involved in the case." In short, appellant alleged it

was anticipating and awaiting promised action by the appellees.

It is undisputed that appellant received notice of its case having been placed on the April 4, 1987 annual dismissal docket. Pursuant to former Harris County Local Rule 7(A) (now Rule 3.6), if a case on file for more than four years had not yet been *set*, it would be dismissed for want of prosecution without further notice at the annual dismissal docket unless a party showed good cause to prevent the dismissal. Local Rule 7 therefore defined what a Harris County litigant must do to keep his case retained: either succeed in setting the case for trial or show good cause why its case should not be dismissed.

The version of Tex.R.Civ.P. 165a(1) in effect on April 13, 1987, the date of dismissal, authorized trial courts to dismiss a case for want of prosecution if a party failed "to request a hearing or *take other action specified by the court*" by the fifteenth day following receipt of the court's notice of intent to dismiss (emphasis added). In *Speck v. Ford Motor Co.*, this court construed Local Rule 7 as it related to the former version of Tex.R.Civ.P. 165a(1) and concluded the "cause be shown to prevent dismissal" requirement of Local Rule 7 constituted "some other action specified by the trial court" under Rule 165a(1). *Speck*, 709 S.W.2d at 275. Having determined that Speck had failed to establish cause to prevent dismissal, this court found the trial court's dismissal for want of prosecution proper.

■ Since Local Rule 7 applied only to cases which had not been set for trial, appellant clearly had a duty to request a trial setting in order to avoid dismissal. In *Moore v. Armour & Co., Inc.*, 660 S.W.2d 577 (Tex.App.—Amarillo 1983, no writ), when the defendants first moved the trial court to dismiss Moore's suit for failure to prosecute, he announced ready, as did appellant here. In addition however, Moore requested a trial setting at the next jury docket call and at the court's earliest convenience. Moore actually secured a setting and appeared at docket call, where he again announced ready, although the court

did not reach his case. The defendants then filed a second motion for dismissal for want of prosecution a few days later. The court of appeals concluded the trial court abused its discretion when it granted the defendant's second motion. A determining factor for the appellate court was Moore's diligence in actually procuring a setting. 660 S.W.2d at 578.

■ Harris County local rules have consistently required that requests for a trial setting state a date certain. *See* former Local Rule 3(B) (now Rule 3.4.2). Although appellant's motion to retain claimed it was ready for trial and willing to accommodate its party opponents, and also requested placement on the trial docket, the motion was not a request for a trial setting at a date certain. *Compare Moore*, 660 S.W. 2d at 578. In addition, appellant could not show any activity following the appellees' request for sanctions other than its alleged readiness to provide witnesses for deposition in the event of a request by the appellees. The alleged agreement to supply witnesses merely attempts to explain appellant's failure to request a setting. In view of the rapidly approaching "set or risk dismissal" deadline established by Local Rule 7, the alleged agreement does not adequately explain appellant's lack of diligence in procuring a setting and moving its case to trial.

Although appellant was in the unfortunate position of waiting for the appellees to perform, that position resulted from appellant's claimed response to the appellees' motion for sanctions. In view of Harris County Local Rule 7 and Tex.R.Civ.P. 165a, appellant should have done more in order to establish that it had diligently prosecuted the case. *See Speck*, 709 S.W.2d at 275–76; *see also, Sustala v. El–Romman*, 712 S.W.2d 164, 166 (Tex.App.—Houston [14th Dist.] 1985, writ ref'd n.r.e.) (mere allegations of readiness would not suffice to establish due diligence); *compare Rorie v. Avenue Shipping Co.*, 414 S.W.2d 948 (Tex.Civ.App.—Houston 1967, writ ref'd n.r.e.) (opinion on motion for rehearing) (considerable activity by plaintiff during

eight months immediately preceding trial showed diligent effort to prosecute).

■■■ In notifying the appellees that it had filed a motion to retain, appellant specifically stated there was no need of a hearing unless appellees required one. Yet appellant now complains of the trial court's failure to hold a hearing on the motion to retain. Appellant has waived any possible error in view of its own failure to request a hearing. In addition, because appellant waived need of a hearing, we find the court's failure to set a hearing was not error. Absent a request, a court has no duty to set a hearing on a motion to retain. Instead, as this court held in *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex.Civ. App.—Houston [14th Dist.] 1975, no writ), it is incumbent on the party seeking to avoid dismissal, here appellant, to procure a hearing. *Accord, Estate of Bolton v. Coats*, 608 S.W.2d 722, 729 (Tex.Civ.App.— Tyler 1980, writ ref'd n.r.e.); *Willis v. Barron*, 604 S.W.2d 447, 449 (Tex.Civ.App.— Tyler 1980, writ ref'd n.r.e.); *Laird v. Jobes*, 580 S.W.2d 413, 416 (Tex.Civ.App.— Tyler 1979, no writ). In the context of a motion to reinstate, the *Calaway, Bolton, Willis,* and *Laird* courts found no trial court duty, absent a clear request, to set the hearing required by Rule 165a(2) [currently renumbered as Rule 165a(3)]. This court finds no trial court duty, absent a clear request, to set a hearing on a motion to retain.

Because appellant's motion failed to demonstrate its own diligence in moving its case to trial and procuring a setting, we find no clear abuse of discretion in the trial court's dismissing the case.

■■■ The trial court denied appellant's motion to reinstate on June 4, 1987. A motion for reinstatement essentially provides an opportunity for the dismissed plaintiff to explain his failure to prosecute with due diligence and to request the court to reconsider its decision to dismiss, in much the same manner as a motion for a new trial. Tex.R.Civ.P. 165a establishes specific requirements and timetables governing motions to reinstate and the reinstatement procedure.

Subsection (2) of Rule 165a (so numbered when the court entered its dismissal order), required a trial court to reinstate a case dismissed for want of prosecution if it determined that a party's "failure" was either reasonably explained or the result of mistake or accident. *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 733 (Tex.App.—Dallas 1985, no writ). In *Speck*, this court construed the term "failure" in Rule 165a(2) and concluded it referred to the grounds authorizing dismissal set out in subsection (1) of the rule. 709 S.W.2d at 275. As our previous discussion indicates, the court based the order which dismissed the case on the failure of the appellant's motion to establish that it had prosecuted its case with sufficient diligence to prevent dismissal.

Appellant argues it satisfied the "reasonable explanation" prong of former Tex.R. Civ.P. 165a(2). It offered the following excuse for its failure to prosecute: it failed to request a trial setting in an attempt to accommodate appellees, having agreed to furnish appropriate witnesses in exchange for the appellees' withdrawing their motion for sanctions. The motion to reinstate repeated the allegations of the motion to retain, requested a trial setting, recited that the case had been placed on the dismissal docket only once, stated that appellant's rights might be jeopardized, and alleged the dismissal was due to accident or mistake. The appellees then filed a response in which they alleged that Stromberg's only action, other than filing suit and serving interrogatories and requests for production in 1983, was its refusal to comply with the appellees' deposition request.

■■■ Of the several grounds alleged, appellant places great reliance on its alleged "agreement" with the appellees. As a preliminary matter, we note that appellant should not now attempt to enforce an alleged "agreement" which has no support in the record. *See* Tex.R.Civ.P. 11; *see also,* Tex.R.App.P. 50(d) (appellant carries burden to submit record which establishes error requiring reversal). But because appellant cites *S.B. & T. Gem Imports, Inc. v.*

*Creswell,* 671 S.W.2d 145 (Tex.App.—Houston [1st Dist.] 1984, no writ), also an appeal from a dismissal for want of prosecution, we will address its arguments in greater detail. Appellant claims *Creswell* supports its premise that this court may presume the truth of the allegations, made in its motions to the trial court and in its brief to this court, concerning its purported agreement with the appellees. We disagree.

In *Creswell* the court of appeals relied on former Tex.R.Civ.P. 419 [now Tex.R.App. 74(f), last sentence] and accepted the appellant's version of the facts, after pointing out that the appellee had failed to file a brief controverting the appellant's factual assertions. 671 S.W.2d at 146. In the case at hand, we note that appellees' brief could have been more specific in controverting appellant's asserting it had agreed to furnish suitable deponents in return for the appellees' agreeing to withdraw their motion for sanctions. Nonetheless, the appellees' brief does address the motion for sanctions by stating they merely failed to urge it without waiving the right to re-urge it, and simply allowed the time for hearing on the motion to lapse. Additionally, counsel for the appellees denied knowledge of the alleged agreement when questioned during oral submission of this case. Moreover, the defendants-appellees responded to the motion to reinstate, whereas in *Creswell*, the trial court considered only the sworn allegations the plaintiff-appellant made in its motion for rehearing of the order of dismissal. 671 S.W.2d at 146.

 We find the appellees sufficiently controverted appellant's factual assertions and conclude that Tex.R.App.P. 74(f) and *Creswell* do not apply. Instead, because the record appellant presents fails to evidence an agreement between the parties, we hold that Tex.R.Civ.P. 11 and Tex.R.App.P. 50(d) prevent appellant from relying on a purported agreement with the appellees in order to excuse its own lack of diligence in prosecuting this case.

 Appellant next claims that the trial court's failure to hold a hearing on his motion to reinstate violates the express provisions of Tex.R.Civ.P. 165a. Former subsection (2) of the rule [currently renumbered as Rule 165a(3)], which required the clerk of the court to deliver a copy of the motion to the trial court judge, also required the judge to "set a hearing on the motion as soon as practicable" and to notify all parties. As many courts have held in response to similar complaints, the burden to procure a hearing on a motion to reinstate rests firmly with the party dismissed, here the appellant, rather than with the trial judge. *Estate of Bolton,* 608 S.W.2d at 729; *Calaway,* 525 S.W.2d at 264; *Willis,* 604 S.W.2d at 449; *Laird,* 580 S.W.2d at 416.

 In reviewing appellant's motion to reinstate we have noted it did not contain a specific request for a hearing but that its prayer for relief concluded by asking the trial court to reinstate its case "upon hearing." In view of the express language of Rule 165a(2), a court's refusal to hold a hearing in response to a party's clear request would be error. *See Calaway,* 525 S.W.2d at 264. Absent a specific request in the body of the motion, however, we find that appellant's concluding reference to a hearing insufficiently specific to qualify it as a clear request. *Bolton,* 608 S.W.2d at 722.

Appellant also stresses that its case was on file only four years and that it had come up for dismissal only once. Because Local Rule 7(B) (now Rule 3.6) charged parties with notice of the annual dismissal docket, and because lack of due diligence is the sole determinor of the propriety of a dismissal, we find no merit in these arguments or in appellant's unsupported allegations of accident or mistake.

We hold the trial properly dismissed appellant's case based on its failure to prosecute it diligently, and properly denied its motion for reinstatement without holding a hearing.

We overrule appellant's point of error and affirm the judgment of the trial court.