**Ronald W. FRENZEL, Appellant,**

v.

**BROWNING–FERRIS INDUSTRIES, INC., Appellee.**

**No. B14–88–00755–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 26, 1989.

Frederick Peter Forlano, Houston, for appellant.

John R. Millard, Houston, for appellee.

Before MURPHY, ROBERTSON and SEARS, JJ.

## OPINION

MURPHY, Justice.

Ronald W. Frenzel appeals from the trial court's dismissal of his lawsuit for want of prosecution and the subsequent denial of his motion to reinstate. Frenzel presents five points of error. In points of error one, two, and four, Frenzel claims the trial court abused its discretion in dismissing his cause of action, in refusing to conduct a hearing as soon as practicable on appellant's motion to reinstate, and in dismissing appellant's motion to reinstate. In point of error three, Frenzel contends the trial court's refusal to conduct hearings on appellant's motion to retain, motion to reinstate and trial certification request constituted a denial of his due process rights. In point of error five, Frenzel claims the trial court's dismissal violated its own standards, thus violating Frenzel's right of due process and equal protection. We find no error in the trial court's judgment and we affirm.

Frenzel filed suit on December 14, 1984. After receiving the first notice of dismissal, Frenzel filed a motion to retain the cause of action on the docket, which the court granted on December 16, 1986. Two years later, Frenzel again received notice of dismissal and filed another motion to retain and attached a trial certification request. On April 17, 1988, the trial court denied Frenzel's motion and on May 9, 1988, the court dismissed the case for want of prosecution. Frenzel then filed a motion to reinstate which the court denied after an oral hearing on July 18, 1988.

■ Frenzel first contends the trial court abused its discretion in dismissing the cause of action for want of prosecution. A trial court has the inherent authority to dismiss for want of prosecution any case not prosecuted with due diligence. *State v. Rotello*, 671 S.W.2d 507, 508–09 (Tex.1984). An appellate court may reverse this dismissal only upon a showing that the trial court clearly abused its discretion. *See id.* at 509; *Speck v. Ford Motor Co.*, 709 S.W.2d 273, 276 (Tex.App.—Houston [14th Dist.] 1986, no writ). In determining whether to dismiss a cause for want of prosecution, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. *See Bard v. Frank B. Hall & Co.*, 767 S.W.2d 839, 843 (Tex.App.—San Antonio 1989, writ denied); *NASA I Business Center v. American Nat'l Ins. Co.*, 747 S.W.2d 36, 38 (Tex.App.—Houston [1st Dist.]), *writ denied per curiam*, 754 S.W.2d 152 (Tex.1988).

■ During the forty-one months this case was on the docket, Frenzel initiated no discovery. Such inactivity clearly constitutes a lack of due diligence. *See Speck*, 709 S.W.2d at 276. Frenzel attempts to show diligence by asserting that he conducted extensive legal research and requested trial certification. A request for trial certification does not bar dismissal where the history of the case otherwise justifies dismissal. *Moore v. Armour & Co., Inc.*, 748 S.W.2d 327, 331 (Tex.App.—Amarillo 1988, no writ). Furthermore, we do not find that Frenzel's claim of extensive research established due diligence in the prosecution of his case. Thus, we find no abuse of discretion by the trial court in dismissing Frenzel's cause and we overrule point of error one.

■ In point of error two, Frenzel alleges trial court error in the refusal to conduct a hearing as soon as practicable on his motion to reinstate. Under Tex.R.Civ.P. 165a, a trial court is to set a hearing on a motion to reinstate as soon as practicable. No specific time limits appear other than that the motion is overruled by operation of law if the trial court fails to rule on the motion within 75 days after the signing of the judgment. *See* Tex.R.Civ.P. 165a(3). Nothing in the record suggests that the date set for the hearing on Frenzel's motion was other than as soon as practicable. Thus, we overrule Frenzel's second point of error.

■ In point of error three, Frenzel claims a denial of due process by the trial court's refusal to conduct hearings on his motion to retain, trial certification request, and motion to reinstate. The trial court did not hold a hearing on Frenzel's motion to retain and trial certification request; however, the court did hold an oral hearing on Frenzel's motion to reinstate. This oral hearing on the motion to reinstate sufficiently satisfied the due process requirement of a hearing. *See Rotello*, 671 S.W.2d at 508; *Vautrain v. Dutch Garrett, Inc.*, 755 S.W.2d 486, 489 (Tex.App.—Fort Worth 1988, writ denied) (op. on reh'g); *Knight v. Trent*, 739 S.W.2d 116, 119 (Tex.App.—San Antonio 1987, no writ). Thus, we overrule point of error three.

■ In point of error four, Frenzel asserts the trial court abused its discretion in dismissing appellant's motion to reinstate. The trial court held an oral hearing on Frenzel's motion, but no statement of facts or findings of fact appear in the record. Absent any record of what evidence the trial court considered, we must presume the trial judge had before him and passed on all necessary facts to support the order. *See Bard*, 767 S.W.2d at 845. Accordingly, we overrule point of error four.

Finally, Frenzel contends the dismissal of his case violated the trial court's ostensible standards and, thus, violated Frenzel's rights of due process and equal protection. Frenzel cites no convincing authority for this contention. Having found that the trial court acted properly in dismissing Frenzel's case for lack of due diligence, we find no support in the record for a claimed violation of the trial court's dismissal standards. Thus, we overrule point of error five.

We affirm the judgment of the trial court.