**Milton I. THORDSON, Appellant,**

**v.**

**The CITY OF HOUSTON, Appellee.**

**No. C14–90–0678–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 18, 1991.

Rehearing Overruled May 9, 1991.

James R. Jones, Houston, for appellant.

Luke L. Daniel, Houston, for appellee.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## MAJORITY OPINION

ROBERTSON, Justice.

This appeal is from an order dismissing for want of prosecution appellant's wrongful discharge suit against the city. In two points of error appellant contends the trial court erred in failing to set an oral hearing regarding his motion to reinstate. We affirm.

Appellant filed suit on May 23, 1988. So far as the record before us shows, there was absolutely no activity and apparently the case appeared on the dismissal for want of prosecution docket for April, 1990. On April 23, 1990, appellant filed a motion to retain the case on the docket, and the only allegations justifying retention were:

> Plaintiff is presently in the process of obtaining substitute Counsel in this matter. Said substitution of Counsel will take place within two weeks. Discovery in the form of Interrogatories and Requests for Production of Documents will then be sent to the Defendant within the next three weeks after Counsel substitution. After the receipt of responses from the Defendants to the discovery request, Plaintiff will shortly be in a position to determine if depositions are necessary or if an immediate request for a trial setting can be made.

On April 30, 1990, the trial judge signed an order retaining the case on the docket. On May 7, 1990, appellant filed a motion to substitute counsel, which was granted by the trial court on May 9, 1990. So far as the record before us shows, there was absolutely no additional activity on the case, and on June 15, 1990, the trial court signed an order dismissing the cause for want of prosecution.

Appellant filed a Motion to Reinstate on June 27, 1990. The only grounds for reinstatement contained in this motion were:

> Plaintiff would show that he was previously represented by the law firm of Childs and Associates, P.C. and that on or about May 9, 1990, the undersigned counsel was substituted as attorney of record for Plaintiff. Apparently the notice of Intent to Dismiss was sent to Plaintiff's former attorney and by the time that the Notice of Dismissal was received by the undersigned, the case had already been dismissed for want of prosecution. Plaintiff should not be penalized by the nonfeasance of his former attorney.
>
> Plaintiff would show that he has retained new counsel and that he will continue to diligently prosecute his case. Plaintiff expects to have his case ready for trial by the end of the year and moves the court to reinstate his case and set it for trial on February 18, 1991.

In his first point of error, appellant contends that the trial judge abused his discretion in failing to set a hearing on his motion to reinstate, as provided for in TEX. R.CIV.P. 165a. A trial court may be reversed for abusing its discretion only when the court of appeals finds the lower court acted in an unreasonable or arbitrary manner. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985). Stated somewhat differently, abuse of discretion occurs when a trial court acts "without reference to any guiding rules and principles." *Id.* at 241–42. A corollary principle is that the court of appeals may not reverse for abuse of discretion merely because it disagrees with a decision by the trial court, if that decision was within the trial court's discretionary authority. *Id.* at 242.

TEX.R.CIV.P. 165a, Subd. 3 requires the court to "reinstate the case upon finding after a hearing that *the failure* of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that *the failure* has been otherwise reasonably explained" (emphasis added). In *Speck v. Ford Motor Company*, 709

S.W.2d 273 (Tex.App.—Houston [14th Dist.] 1986, no writ), we held that the words "the failure" must be construed in connection with the grounds for *dismissal.* *See also Stromberg Carlson Leasing Corp. v. Central Welding Supply Co.,* 750 S.W.2d 862 (Tex.App.—Houston [14th Dist.] 1988, no writ). Since the motion to reinstate totally failed to address the due diligence used in the prosecution of the case itself or give reasons why the case should have been retained on the docket, it was fatally defective. Our research has failed to reveal a case where the issue of whether the trial court is obligated to hold a hearing on a defective motion for reinstatement has been determined. We can discern no reason, however, for a rule different than applies to motions for new trial. TEX.R.CIV.P. 327 requires the trial court to hear evidence on a motion for new trial where an allegation, supported by affidavit, of jury misconduct is made. The rule is well settled, however, that the opportunity for a hearing on a motion for new trial is not mandatory and the trial court does not abuse it's discretion in failing to conduct a hearing on a defective motion for new trial alleging jury misconduct when the allegations of the motion, even if proven, would be insufficient to show jury misconduct. *Scott v. Scott,* 774 S.W.2d 307 (Tex.App.—Austin 1989, no writ); *Clancy v. Zale Corp.,* 705 S.W.2d 820 (Tex.App.—Dallas 1986, writ ref'd n.r. e.); *Jordan v. Ortho Pharmaceuticals, Inc.,* 696 S.W.2d 228 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.); *Caterpillar Tractor Co. v. Boyett,* 674 S.W.2d 782 (Tex. App.—Corpus Christi 1984, no writ). Since motions to reinstate and motions for new trial are so nearly the same, we will apply the same rule. We cannot say that the trial judge was acting "without reference to any rules and principles" when he refused to set for hearing the fatally defective motion for reinstatement. If the trial court had held a hearing and the proof offered corresponded to the allegations of the motion to reinstate, it would have been an abuse of discretion for the trial court to have ordered reinstatement of the case. Appellant's first point is overruled.

■ In his second point of error appellant contends that the trial court's failure to hold an oral hearing on his motion to reinstate deprived him of due process of law. He argues that "fundamental due process demands notice and an opportunity to be heard." Appellant obviously received notice of the dismissal because he filed his motion to reinstate on the twelfth day following the signing of the dismissal order. Appellant had a chance to be heard on why the case should not have been dismissed. His failure to be accorded that hearing, however, was due to the inadequacy of the reasons assigned in the motion to reinstate. This did not deny him due process. Appellant's second point is overruled.

We affirm the judgment of the trial court.

SEARS, Justice, dissenting.

I respectfully dissent because the majority opinion has ignored the dictates of the Texas Supreme Court as well as the Texas Rules of Civil Procedure. An oral hearing is required on any timely filed motion to reinstate under TEX.R.CIV.P. 165a. *Gulf Coast Investment Corp. v. NASA 1 Business Center,* 754 S.W.2d 152, 153 (Tex. 1988) (per curiam). A trial court's refusal to hold an oral hearing on a timely filed motion to reinstate constitutes an abuse of discretion. *Id.*

Appellant's wrongful discharge suit was filed on May 25, 1988. The record does not show when the case was placed on the court's dismissal docket; however, on April 23, 1990, appellant filed a motion to retain which was granted by the court. On May 9, 1990, the trial court granted appellant's motion for substitution of counsel. Then, without notice to appellant's new counsel, the trial court dismissed appellant's case on June 15, 1990, "for want of prosecution." Appellant filed a timely motion to reinstate and requested an oral hearing on the motion. The trial judge did not conduct a

hearing on appellant's motion and did not decide the motion by a signed written order; therefore, appellant's motion was deemed overruled by operation of law. TEX.R.CIV.P. 165a(3).

In his first point of error, appellant contends the trial judge abused his discretion in failing to set a hearing on appellant's motion to reinstate. Appellee contends that the reinstatement provisions of TEX.R. CIV.P. 165a(3) do not apply to this case because the case was dismissed pursuant to the trial court's inherent power to dismiss cases for want of prosecution. The record does not reflect whether the case was dismissed pursuant to the rules of procedure or under the trial court's inherent power.

Trial courts have express power under the rules of procedure, as well as inherent power, to dismiss cases not prosecuted with due diligence. *See State v. Rotello*, 671 S.W.2d 507, 509 (Tex.1984); TEX.R.CIV.P. 165a. A trial court's exercise of this power is subject to reversal only upon a showing of clear abuse of discretion. *Rotello*, 671 S.W.2d at 509.

The Texas Rules of Civil Procedure provide:

> A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. It shall be filed with the clerk within 30 days after the order of dismissal is signed or within the period provided by Rule 306a.... *The clerk shall deliver a copy of the motion to the judge, who shall set a hearing on the motion as soon as practicable.* The court shall notify all parties or their attorneys of record of the date, time and place of the hearing.

TEX.R.CIV.P. 165a(3) (emphasis added). Further, Rule 165a also provides:

> The same reinstatement procedures and timetable are applicable to *all* dismissals for want of prosecution *including cases which are dismissed pursuant to the court's inherent power*, whether or not a motion to dismiss has been filed.

TEX.R.CIV.P. 165a(4) (emphasis added).

In its brief, appellee claims that Rule 165a(3) only applies to cases dismissed for failure to appear at a trial or hearing, and not to cases dismissed for want of diligent prosecution, citing *Armentrout v. Murdock*, 779 S.W.2d 119 (Tex.App.—Houston [1st Dist.] 1989, no writ); *Ozuna v. Southwest Bio-Clinical Laboratories*, 766 S.W.2d 900 (Tex.App.—San Antonio 1989, writ denied); and *Speck v. Ford Motor Co.*, 709 S.W.2d 273 (Tex.App.—Houston [14th Dist.] 1986, no writ). However, those cases hold that the *standard* for reinstating cases under Rule 165a(3) only applies to cases dismissed under Rule 165a(1) for failure to appear at a trial or hearing. Those cases do not stand for the proposition that the reinstatement *procedures* of Rule 165a(3) do not apply to cases dismissed under the court's inherent power. Quite to the contrary, in each case cited the trial court held or scheduled a hearing on the movant's motion to reinstate.

I find that the reinstatement procedures of Rule 165a(3) apply to all cases dismissed for want of prosecution, whether dismissed under the express authority granted by the rules of procedure, or under the inherent authority of the trial court.

Appellee also contends that appellant's motion to reinstate did not properly request a hearing or specifically address the trial court's reasons for dismissal. There is no dispute that appellant did properly request a hearing. Further, as noted previously, the record does not reflect a reason for dismissal other than "dismissed for want of prosecution." Appellant could not have addressed the reasons for dismissal in his motion when none were given by the trial court. The majority opinion fails to recognize appellant's *timely-filed* motion other than to act as a fact finding body and reach the conclusion that the motion was inadequate or fatally defective. The majority fails to cite any rule or case law to support their conclusion. If the Rule required the *motion* to contain all the facts on evidence to be relied upon by the moving party, a hearing would not be necessary. Further, the *motion* puts the court on notice of the request for a hearing, and the *hearing* is

for the purpose of receiving evidence and argument. The majority has ignored the case law and the rules, and without authority or precedent has acted as a fact finding body to determine that the court *could* have denied the motion *after a hearing.* The majority misses the point. The hearing is mandatory. If *after* the hearing, the trial court found the grounds for reinstatement to be inadequate, we could then affirm absent a showing of abuse of discretion. The *adequacy* of the grounds for reinstatement is simply not an issue that is before this court on appeal.

The record also reflects that on April 30, 1990, the trial court granted appellant's motion to retain this case on the docket. On May 9, 1990, the court granted appellant's motion to substitute counsel. Five weeks after appellant's new attorney took over the case, the court dismissed the case for "want of prosecution." Appellant's new counsel alleged in the motion to reinstate that he had no notice that the case was ever on the court's dismissal docket. Appellant's new counsel certainly had no reason to expect the case would be dismissed so soon after being substituted as counsel. I find that the rules and prior case law required the trial court to conduct a hearing on appellant's motion to reinstate and that the court's failure to do so constituted an abuse of discretion. *Gulf Coast Investment Corp.*, 754 S.W.2d at 153.

Accordingly, I would sustain appellant's first point of error, reverse the order of dismissal, and remand the case to the trial court.