CV4-682 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00682-CV







John C. Cangelosi, Jr., Appellant



v.



Texas Water Commission, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 92-03836, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING







PER CURIAM




 John C. Cangelosi appeals from the order of the trial court that dismissed his cause
for want of prosecution. In two points of error, he contends that the trial court erred in: (1) 
dismissing his cause without a hearing, or, in the alternative, without notice to him; and (2)
overruling his verified, uncontroverted motion to reinstate. We will affirm the order.



BACKGROUND


 This cause arises out of an enforcement action that the Texas Water Commission (1)
(the Commission) brought against appellant in connection with his acquisition of property
containing drums of industrial waste. On March 23, 1992, appellant filed a petition seeking
judicial review of the agency order issued on December 23, 1991. The Commission answered
on April 16, 1992. No further activity occurred in the cause until the trial court initiated
communication with the parties. (2)

 On June 9, 1994, the trial court sent a letter to counsel for each side notifying
counsel that there had been "no action in the case for a long time" and that the case "will be
dismissed for want of prosecution" within fifteen days unless the court received a sufficient
explanation of why the case had not been concluded and a description of what was necessary to
conclude the case promptly. The letter continues that if the response did not convince the court
that the case should be retained, it would be dismissed. On June 22, 1994, appellant filed a
motion to retain. The record does not show a request for a hearing on that motion. On July 27,
1994, appellant filed a motion for leave to present additional evidence at the Commission. On
August 4, 1994, the court signed an order dismissing the cause. On August 17, 1994, appellant
filed a motion to reinstate. After a hearing, the court overruled the motion on August 22, 1994.



STANDARD OF REVIEW


 The decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court, and can be disturbed on review only if it amounted to a clear abuse
of discretion. State v. Rotello, 671 S.W.2d 507, 508-9 (Tex. 1984). A trial court abuses its
discretion when it acts in an arbitrary and unreasonable manner, or when it acts without reference
to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991);
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). This Court may
not reverse for abuse of discretion merely because we disagree with the trial court's decision. 
Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d at 242.

 When deciding whether to dismiss a case the court may consider the amount of
activity in the case, the length of time the case was on file, requests for a trial date, and the
existence of reasonable excuses for delay. Bilnoski v. Pizza Inn, Inc. 858 S.W.2d 55, 56 (Tex.
App.--Houston [14th Dist.] 1993, no writ). The record in this cause does not include a statement
of facts from the hearing on the motion to reinstate. Absent any record of what evidence the trial
court considered, we presume the trial court passed on any facts necessary to support its order. 
Frenzel v. Browning-Ferris Indus., 780 S.W.2d 844, 846 (Tex. App.--Houston [14th Dist.] 1989,
no writ). The burden of proof rests upon a litigant asserting an abuse of discretion because we
presume that the trial court action was justified. Hosey v. County of Victoria, 832 S.W.2d 701,
704 (Tex. App.--Corpus Christi 1992, no writ); Fulmer v. Barfield, 480 S.W.2d 413, 415 (Tex.
Civ. App.--Tyler 1972, writ dism'd).



NO ABUSE OF DISCRETION


 In his first point of error, appellant contends that the court abused its discretion by
dismissing his cause without a hearing, or, in the alternative, because he received no notice of any
hearing before the court dismissed his cause. Appellant argues that the trial court therefore failed
to comply with Rule 165a(1). Tex. Rule Civ. P. 165a(1). However, appellant's cause was not
dismissed under Rule 165a(1), which governs dismissals based on a failure to appear. His cause
was dismissed for want of diligent prosecution. Further, the court held a hearing on his motion
to reinstate, which is adequate to satisfy any due process concerns. See Rotello, 671 S.W.2d at
508; Frenzel, 780 S.W.2d at 846.

 He also argues generally that his cause should not have been dismissed because he
was taking action in the cause. In evaluating this cause for want of prosecution, the court was
considering a cause in which no activity had occurred since its filing, which was more than two
years before the court's letter to the parties. The cause had not been disposed of within the 
recommended twelve-month time for non-jury matters in civil cases. Tex. R. Jud. Admin.
6(b)(2). The substantive law controlling the cause, the Solid Waste Disposal Waste Act, creates
a presumption that the plaintiff has abandoned the cause if it is not prosecuted within one year
after filing. Tex. Health & Safety Code Ann. § 361.321(d) (West 1992).

 Appellant's proffered reason why the cause should remain on the trial court's
docket, both in the motion to retain and the motion to reinstate, was that he wanted the cause re-opened at the agency for a consideration of new evidence and a re-consideration of the exclusion
of certain evidence. See Tex. Gov't Code Ann. § 2001.175(c) (West 1995). He does not explain,
however, why he never applied to the trial court for such an action until after the court's letter
threatening to dismiss the cause. The court could have found the explanation inadequate. 
Considering all of the factors presented, we cannot say that the trial court abused its discretion
in dismissing the cause. We overrule point of error one.

 In point of error two, appellant contends that the trial court erred in overruling his
verified motion to reinstate because the Commission filed a controverting response, but offered
no affidavit evidence. Appellant provides no authority for his proposition. Further, he again
invokes Rule 165a(1), governing a dismissal for failure to appear, when he states in his brief that
his motion to reinstate established that "the failure was not intentional or the result of conscious
indifference." Further, the record contains no statement of facts showing what evidence might
have been offered by the agency and considered by the trial court at the hearing. See Frenzel, 780
S.W.2d at 846. We presume the court found any necessary facts in support of its order. We
overrule point of error two.

 We affirm the order of the trial court.


Before Chief Justice Carroll, Justices Powers and Kidd

Affirmed

Filed: July 12, 1995

Do Not Publish

1. [1] The Texas Water Commission now has merged into the Texas Natural Resource
Conservation Commission.
2. [2] The Commission also apparently filed the administrative record with the trial court clerk's
office. See Tex. Gov't Code Ann. § 2001.175(b) (West 1995).