NO. 07-06-0234-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



JULY 27, 2006


 ______________________________



IN THE MATTER OF THE MARRIAGE OF


ANTHONY SCOTT BROWN AND GLENDA DARLENE BROWN,


A/K/A GLENDA DARLENE ROMINES


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 69476-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ABATEMENT AND REMAND


 Appellant, Anthony Scott Brown, appeals an order of dismissal of his petition for
divorce. We abate and remand to the trial court to determine the date of filing for Brown's
motion to reinstate his divorce proceedings.

Background 

 Brown filed a petition for divorce in 2004. Because of his incarceration with the
Texas Department of Criminal Justice, appellant has corresponded with the trial court by
mail. On March 16, 2006, the trial court signed an order of dismissal. Upon receiving the
order of dismissal, Brown sent the trial court a motion requesting reinstatement of the
divorce proceedings. The trial court took no action on his motion to reinstate. Brown then
filed a notice of appeal with the trial court clerk on June 7, 2006.

 This Court is obligated to determine sua sponte its jurisdiction to hear an appeal.
Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.-Amarillo 1994, writ denied). Notice
of appeal must be filed within 30 days of the judgment unless a post-judgment motion is
timely filed extending the deadline to 90 days. See Tex. R. App. P. 26.1(a). A motion to
reinstate is timely filed if it is filed within 30 days after the judgment is signed, (1) see Tex. R.
Civ. P. 329b, which in the underlying case requires that the motion for reinstatement be
filed by April 17, 2006, if Brown's June 7th notice of appeal is to be considered timely. The
Supreme Court has held that an inmate of a penal institution who does not have direct
access to either the clerk's office or the United States Postal Service, and who must rely
on prison authorities for the timely delivery of a civil petition, is deemed to have filed his
document when he delivers the document to the prison authorities to be forwarded to the
court clerk. See Warner v. Glass, 135 S.W.3d 681, 685-86 (Tex. 2004); see also Houston
v. Lack, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (notice of appeal
deemed filed when delivered to prison authorities).

 It is unclear whether Brown has timely filed a motion which extends the time to file
his notice of appeal. Brown's motion contains an unsworn declaration signed on April 10,
2006, however, the motion was not filemarked by the clerk's office until April 20, 2006. (2) 
Since Brown is confined in a penal institution, we cannot determine the timeliness of
Brown's motion without proof of when Brown delivered his motion to reinstate to the prison
mail system. See Warner, 135 S.W.3d at 686.

 Therefore, we abate and remand to the trial court for further proceedings. Upon
remand, the trial court shall, if necessary, cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine the date on which Brown deposited his motion
to reinstate with the prison mail system. The trial court shall gather evidence such as mail
logs, returned receipts, or other proof of mailing from either Brown, the Texas Department
of Criminal Justice, or any other source necessary to determine the date of filing. The trial
court shall cause the hearing, if held, to be transcribed, shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Friday, September 15, 2006.

 It is so ordered.

 

 Per Curiam



1. Filing of motion to reinstate has the same effect as filing a motion for new trial in
respect to extending time for perfecting an appeal. Speck v. Ford Motor Co., 709 S.W.2d
273 (Tex.App.-Houston [14th Dist.] 1986, no writ). Further, we look to the substance of
a motion to determine the relief sought, not merely to its title. Surgitek, Bristol-Myers Corp.
v. Abel, 997 S.W.2d 598, 601 (Tex. 1999).
2. The unsworn declaration can be used in lieu of a written sworn declaration,
verification, certification, oath, or affidavit required by statute or required by a rule, order,
or requirement. See Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (Vernon 2005). 
However, Brown's unsworn declaration relates to the veracity of the motion to reinstate,
but provides no information as to the time of filing.


ive assistance
of counsel claims. Id. 

 As the State urges, there is nothing in this record to show counsel's motives or
strategy in not presenting expert testimony of appellant's claims of erectile dysfunction and
Peyronie's disease. The appellate record is not adequately developed to sustain
appellant's argument and on the record before us, we cannot determine whether counsel's
conduct fell below an objective standard of reasonableness. Appellant's sole issue is
overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice

 

Do not publish.
1. An appeal from this conviction was previously dismissed for want of jurisdiction in
cause number 07-00-0559-CR. However, following his post-conviction application for a
writ of habeas corpus, the Court of Criminal Appeals granted appellant an out-of-time
appeal.
2. The Court of Criminal Appeals has overruled both Ex parte Duffy, 607 S.W.2d 507,
516 (Tex.Cr.App. 1980) and Ex parte Cruz, 739 S.W.2d 53 (Tex.Cr.App. 1987) by its
decision in Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App. 1999).