NO. 07-06-0234-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JULY 27, 2006

______________________________

IN THE MATTER OF THE MARRIAGE OF

ANTHONY SCOTT BROWN AND GLENDA DARLENE BROWN,

A/K/A GLENDA DARLENE ROMINES

_________________________________

FROM THE 320
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 69476-D; HONORABLE DON EMERSON, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

ABATEMENT AND REMAND

Appellant, Anthony Scott Brown, appeals an order of dismissal of his petition for divorce.  We abate and remand to the trial court to determine the date of filing for Brown’s motion to reinstate his divorce proceedings.

Background 

Brown filed a petition for divorce in 2004.  Because of his incarceration with the Texas Department of Criminal Justice, appellant has corresponded with the trial court by mail.  On March 16, 2006, the trial court signed an order of dismissal.  Upon receiving the order of dismissal, Brown sent the trial court a motion requesting reinstatement of the divorce proceedings.  The trial court took no action on his motion to reinstate.  Brown then filed a notice of appeal with the trial court clerk on June 7, 2006.

This Court is obligated to determine 
sua sponte
 its jurisdiction to hear an appeal. 
Welch v. McDougal
, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied).  Notice of appeal must be filed within 30 days of the judgment unless a post-judgment motion is timely filed extending the deadline to 90 days.  
See
 
Tex. R. App. P.
 26.1(a).   A motion to reinstate is timely filed if it is filed within 30 days after the judgment is signed,
(footnote: 1) 
see
 
Tex. R. Civ. P.
 329b, which in the underlying case requires that the motion for reinstatement be filed by April 17, 2006, if Brown’s June 7th notice of appeal is to be considered timely.  The Supreme Court has held that an inmate of a penal institution who does not have direct access to either the clerk’s office or the United States Postal Service, and who must rely on prison authorities for the timely delivery of a civil petition, is deemed to have filed his document when he delivers the document to the prison authorities to be forwarded to the court clerk.  
See
 
Warner v. Glass
, 135 S.W.3d 681, 685-86 (Tex. 2004); 
see also
 
Houston v. Lack
, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (notice of appeal deemed filed when delivered to prison authorities).

It is unclear whether Brown has timely filed a motion which extends the time to file his notice of appeal.  Brown’s motion contains an unsworn declaration signed on April 10, 2006, however, the motion was not filemarked by the clerk’s office until April 20, 2006.
(footnote: 2)   Since Brown is confined in a penal institution, we cannot determine the timeliness of Brown’s motion without proof of when Brown delivered his motion to reinstate to the prison mail system.  
See
 
Warner
, 135 S.W.3d at 686.

Therefore, we abate and remand to the trial court for further proceedings.  Upon remand, the trial court shall, if necessary, cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the date on which Brown deposited his motion to reinstate with the prison mail system.  The trial court shall gather evidence such as mail logs, returned receipts, or other proof of mailing from either Brown, the Texas Department of Criminal Justice, or any other source necessary to determine the date of filing.  The trial court shall cause the hearing, if held, to be transcribed, shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues and cause its findings and conclusions to be included in a supplemental clerk’s record.  A supplemental record of the hearing shall also be included in the appellate record.  Finally, the trial court shall file the supplemental clerk’s record and the supplemental reporter’s record with the Clerk of this Court by Friday, September 15, 2006.

It is so ordered.

Per Curiam

FOOTNOTES
1: Filing of motion to reinstate has the same effect as filing a motion for new trial in respect to extending time for perfecting an appeal.  
Speck v. Ford Motor Co.
,  709 S.W.2d 273 (Tex.App.–Houston [14th Dist.] 1986, no writ).  Further,  we look to the substance of a motion to determine the relief sought, not merely to its title.  
Surgitek, Bristol-Myers Corp. v. Abel
, 997 S.W.2d 598, 601 (Tex. 1999).

2: The unsworn declaration can be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement.  
See
 
Tex. Civ. Prac. & Rem. Code Ann
. § 132.001 (Vernon 2005).   However, Brown’s unsworn declaration relates to the veracity of the motion to reinstate, but provides no information as to the time of filing.