**Affirmed and Memorandum Opinion filed June 1, 2023.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00592-CV

**LISA LINTON SIMM, Appellant**

**V.**

**JON ANDREW SIMM, Appellee**

**On Appeal from the 247th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-24288**

## M E M O R A N D U M   O P I N I O N

In this suit affecting the parent-child relationship, appellant Lisa Linton Simm appeals the dismissal for want of prosecution of her motion to modify child-support obligations and conservatorship of her children. Finding no abuse of discretion, we affirm.

# I.

In 2008, Lisa and Jon Simm entered into an agreed final decree of divorce naming them joint managing conservators of their children. On January 20, 2021, Lisa moved for a modification naming her sole managing conservator, restricting Jon's periods of possession, and ordering Jon to pay child support.

By the time of the first trial setting in November 2021, the Simms' children had reached the age of majority, though they were still in their final year of high school. At that virtual trial setting, Lisa's trial counsel failed to appear when the case was called, and the trial court dismissed Lisa's modification motion for want of prosecution; however, the trial court granted Lisa's motion for reinstatement, in which she asserted that she had been present and responded when the case was called, and that her counsel's delayed appearance was due to a typographical error in his calendar's link to the online setting.

In January 2022, the trial court signed a "Scheduling Order and Notice of Intent to Dismiss." In the order, the trial court scheduled the trial for May 16, 2022, and ordered that, before trial, the parties must either have completed alternative dispute resolution or have had their objections to alternative dispute resolution heard. The order further notified the parties, "THIS CASE MAY BE DISMISSED FOR WANT OF PROSECUTION ON DATE OF TRIAL if, by the trial date there is no . . . Alternative Dispute Resolution."[1]

A week before the trial setting, Lisa's counsel filed an opposed motion for a ninety-day continuance on the ground that the parties had not yet mediated the case.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE § 154.002 ("It is the policy of this state to encourage . . . the mediation of issues involving conservatorship, possession, and support of children . . . ."); *id.* § 154.021 (authorizing trial court to refer a pending dispute for resolution); HARRIS (TEX.) FAMILY TRIAL DIV. LOC. R. 7.2 ("Except for good cause shown, cases shall be submitted for alternate dispute resolution procedures before trial.").

2

Finally, on the last business day before the trial setting, Lisa's counsel emailed opposing counsel to discuss mediation.

On the day of trial, the trial court sustained Jon's objection that the motion for continuance was neither set nor noticed for a hearing, then dismissed the case for want of prosecution due to the failure to mediate the case as ordered. In a single issue, Lisa appeals the dismissal.

## II.

A trial court has the inherent power to dismiss a suit for failure to prosecute it with due diligence. *Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex. 1976) (per curiam). We review the dismissal for clear abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997) (per curiam). A trial court clearly abuses its discretion if it "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).

In determining whether to dismiss a case for want of prosecution, a trial court may consider the entire history of the case, including the length of time the case was on file, the amount of activity in the case, the request for a trial setting, and the existence of reasonable excuses for delay. *Frenzel v. Browning-Ferris Indus., Inc.*, 780 S.W.2d 844, 845 (Tex. App.—Houston [14th Dist.] 1989, no writ). When the trial court dismissed this case, it had been pending for sixteen months. The children that are the subject of the suit had reached adulthood even before the first trial setting in November of 2021. Three days before that setting, Lisa had requested a sixty-day continuance, and at the trial setting, the case was dismissed for want of prosecution but subsequently reinstated. In January 2022, Lisa was notified that trial had been reset for May 16, 2022—a date six months after the first trial setting, by which time the children were "on the edge of graduation" from high school. Lisa had more than

three months' notice that the case was subject to dismissal at the trial setting if the parties had neither completed mediation nor had their objections to mediation heard by that time. Nevertheless, she offered no explanation for her failure either to mediate or to object to mediation by the court-ordered deadline. She admits in her appellate brief that she emailed opposing counsel "to inquire about scheduling mediation" on May 13, 2022, which was the Friday before the Monday morning trial setting.

On this record, we cannot conclude that the trial court acted arbitrarily or unreasonably in dismissing the case for want of prosecution. *Cf. Kirkpatrick v. Silva*, No. 04-17-00146-CV, 2018 WL 521628, at *5 (Tex. App.—San Antonio Jan. 24, 2018, no pet.) (mem. op.) (finding no abuse of discretion in trial court's denial of motion to reinstate case dismissed for want of prosecution for failure to comply with mediation deadline); *Sanchez v. Garcia*, No. 13-05-557-CV, 2006 WL 2076752, at *4 (Tex. App.—Corpus Christi–Edinburg July 27, 2006, pet. denied) (mem. op.) (same; additionally holding that plaintiff did not reasonably explain failure to file a motion to compel mediation).

We affirm the trial court's dismissal order.


/s/    Tracy Christopher
Chief Justice


Panel consists of Chief Justice Christopher and Justices Jewell and Spain.