Henry DAVIS, Individually and d/b/a Davis Used Cars and Parts et al, Appellants,

v.

LAREDO DIESEL, INC. et al, Appellees.

No. 6191.

Court of Civil Appeals of Texas, Waco.

Jan. 29, 1981.

Rehearing Denied March 5, 1981.

Franklin D. Houser, H. David Peeples, Tinsman & Houser, Inc., San Antonio, Broadus A. Spivey, J. Patrick Hazel, Spivey & Grigg, Austin, Warren Weir, Gochman & Weir, San Antonio, for appellants.

Oscar J. Pena, Pena, Pena & Pena, Laredo, George H. Spencer, Emilio M. Garza, Clemens, Spencer, Welmaker & Finck, San Antonio, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs (in 3 cases consolidated for appeal), from the trial court's order denying reinstatement of their cases, dismissed for want of prosecution.

These cases sought damages arising out of the explosion of a propane-butane trailer in Maverick County. Numerous suits were filed against seven defendants, including Laredo Diesel and Modern Machine. The cases here involved were transferred on pleas of privilege to Webb County in October of 1977.[1]

On June 4, 1979 a notice of docket call was mailed to counsel representing plaintiffs in cases involved in this appeal. Such notice was addressed to the law firm involved; not addressed to any specific lawyer; and it did not list the style or cause number of a single case. Such notice was on the letterhead of the District Clerk and read as follows:

"June 1, 1979
Re: Call of the Docket
Dear Sir/Madam:

Please be informed that all Civil Non-Jury and Jury cases filed through the year 1977 will be called on Thursday,

---

1. Transferred by order dated August 22, 1977 but docketed in Webb County, on October 11, 1977.

June 14, 1979 at 9:00 A.M. and all Divorce cases filed through the year 1978 will be called on Friday, June 15, 1979 at 9:00 A.M. at the Call of the Docket of the 111th Judicial District Court, Webb County Courthouse, Laredo, Webb County, Texas. All cases will either be set for trial or dismissed. Absence of counsel for the Plaintiff will result in dismissal of the case for want of prosecution.

It is the purpose and intent of the court to clear its dockets of as many old cases as possible.

> Yours very truly,
> Manuel Gutierrez
> District Clerk
> Webb County, Texas
> By /s/ Jesus Garza Jr. Deputy"

Counsel for plaintiffs in cases here involved did not appear at the docket call on June 14, 1979, and all of such cases were dismissed by trial court "on its own motion for failure of the plaintiffs to answer the call of the docket and prosecute the suits". The order of dismissal was signed and entered on June 26, 1979. The orders of dismissal reached the lawyers involved, and on June 28, July 6, and July 9, 1979 counsel in the 3 cases filed motions to reinstate. Such motions were sworn to and stated the cases were transferred to Webb County on August 22, 1977 when pleas of privilege were sustained; that the cases were companion cases to cases arising from the same incident which were tried to a jury in the fall of 1977 in Val Verde County, and were pending on appeal in the Court of Civil Appeals; that no notice of the docket call was received by counsel representing plaintiff in the case; that counsel received notice of the dismissals on June 27, June 27, and July 2, 1979; that failure of counsel to aggressively prosecute the cases during pendency of the appeal of the companion cases does not represent a want of due diligence but rather a matter of prudence since the appellate procedures are expected to establish the law of the case some aspects of which will be applicable to resolution of the cases here involved.

The trial court heard such motions on July 19, 1979 and denied such motions by order signed and entered on *July 25, 1979.*

The trial court filed Findings and Conclusions pertinent of which are summarized as follows:

### Findings of Fact

1) These causes were originally filed in Maverick County.

2) On August 22, 1977 these causes were transferred to Webb County.

3) Written notice of the court's intent to dismiss these causes were mailed by the District Clerk on June 4, 1979 for the Court's Docket Call on June 14, 1979.

4) Written notices of the Court's intent to dismiss these causes and all other related causes for want of prosecution were duly mailed by posting in the U.S. Postal Service by the Clerk to the Attorneys of Record in the causes and to all attorneys in related causes.

5) The mailed notices sent in these causes were never returned by the Postal Service.

6) The causes were dismissed by the Court at its Docket Call on June 14, 1979, for a failure and want of prosecution.

7) Notice of the signing of the Dismissal Order was duly mailed by the Clerk of this Court to attorneys of record on June 29, 1979.

8) In the fall of 1979 companion cases arising from the same incident were tried to a jury verdict against other defendants in Val Verde County.

9) Appeals in a number of the companion cases are pending in the Tenth Court of Civil Appeals.

### Conclusions of Law

1) The cases were dismissed by the Court for the lack and want of prosecution after the Attorneys of Record were duly notified by the Clerk to be present at the Court's Call of the Docket, and after the mailed notice

was never returned to the Clerk by the U.S. Postal Service, and after no other contact or correspondence was received by the Clerk from the Attorneys of Record prior to the Docket Call of June 14, 1979; that this conduct was intentional and the result of conscious indifference and not due to accident or mistake.

2) This cause should not be reinstated.

Plaintiffs appeal on 10 points presenting 5 contentions.

Defendants appellees have filed motions to dismiss appeals herein, asserting that under Rule 165a the jurisdiction of the trial court to reinstate is limited to 30 days after its order of dismissal; that consequently appeal time in these cases is 30 days from entry of the order of dismissal; for which reason this court has no jurisdiction of this appeal. As noted these cases were dismissed by the trial court on June 26, 1979. Motions to reinstate were timely filed on June 28, July 6, and July 9, 1979; motions to reinstate were overruled on July 19, 1979 but signed and entered on July 25, 1979; appeal bonds were filed on August 15, 1979.

■ The motions to reinstate constitute motions for new trial. *General Motors Corp. v. Lane*, S.Ct., 496 S.W.2d 533.

■ While the trial court's jurisdiction to reinstate may have ended 30 days after June 25, 1979, plaintiffs' (appellants') time table for appeal is computed from the overruling of their motions for reinstatement, which occurred on July 25, 1979. The time for filing of an appeal bond was extended by the Motions to Reinstate, and were timely filed.

■ Rule 165a is not the exclusive authority by which a trial court derives its authority or discretion to dismiss a case for want of prosecution; a court also has inherent power to dismiss a suit for failure to prosecute it with due diligence without the authority of Rule 165a. *Veterans' Land Board v. Williams*, S.Ct., 543 S.W.2d 89, *Sandstrum v. Magruder*, Tex.Civ.App. (1 Houston) NRE, 510 S.W.2d 388. And the time tables for appeal in this cumulative

procedure are not restricted or overruled by Rule 165a in a court's exercise of such cumulative procedures.

Motion to dismiss is overruled.

We now revert to plaintiffs' contentions.

Contention 1) asserts the trial court erred in denying plaintiffs' motion to reinstate because the dismissal for want of prosecution violated Rule 165a; and contention 2) asserts the trial court erred in denying plaintiffs' motion for reinstatement because the notices mailed did not give the responsible attorneys fair notice and were inadequate.

As noted a trial court has authority under Rule 165a to dismiss a case for want of prosecution; and also has inherent power to dismiss a case for want of prosecution. *Veterans' Land Board v. Williams*, supra.

■ If the dismissals in this appeal were dismissals under Rule 165a, then such violated such rule. Rule 165a originally provided "A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing, trial *or docket call* of which he had notice * * *". On January 1, 1976 such rule was revised and became effective deleting the words "or docket call" from the above-quoted section. The rule is elementary that we must give some effect to changes in the words of legislative acts, and must also construe their words, so as to accomplish the legislative intent. *Independent Life Ins. Co. of America v. Work*, S.Ct., 124 Tex. 281, 77 S.W.2d 1036.

And Justice Keith in his commentary on this change, in Vol. 39, page 133, Texas Bar Journal, states "The failure to appear at a docket call will not authorize dismissal for want of prosecution; in all other respects the rule remains unchanged".

■ Thus the trial court was not authorized to dismiss the cases herein under Rule 165a. If the trial court was acting under his inherent power to dismiss, then the notice furnished the attorneys was not by registered mail as required by Rule 21a. Additionally, we think the notices mailed,

with no reference to case style or number was not fair notice under the circumstances.

Contention 3) asserts the trial court erred in denying plaintiffs' motions to reinstate because the evidence will not support an affirmative finding that plaintiffs' lawyers' failure to appear was intentional or the result of conscious indifference; contention 4) asserts the trial court erred in denying plaintiffs' motions to reinstate because all the evidence showed the failure of plaintiffs' attorneys to appear at docket call was not intentional or the result of conscious indifference, but was due to accident or mistake; and contention 5) asserts the trial court abused its discretion by refusing to reinstate plaintiffs' cases.

The trial court was authorized to find the notices of the docket call were delivered to the attorneys involved since the District Clerk testified they had been mailed. *Mayad v. Rizk*, Tex.Civ.App. (14th Houston) NRE, 554 S.W.2d 835. Nevertheless, since the cases had been pending only twenty months; since the companion cases which had been tried were on appeal with issues to be resolved which might affect the instant cases; and since plaintiffs' attorneys had no actual knowledge of the docket call, we think the evidence will not support an affirmative finding that plaintiffs' attorneys' failure to appear was intentional or the result of conscious indifference, and we think all the evidence showed the failure to appear at the docket call was due to accident or mistake.

We think the record reflects a clear abuse of discretion on the part of the trial court in not reinstating these cases. *Bevil v. Johnson*, S.Ct., 157 Tex. 621, 307 S.W.2d 85; *Veterans' Land Board v. Williams*, S.Ct., supra; *Jarvis Co., Inc. v. Wes-Tex Grain Co.*, Tex.Civ.App. (Waco) NRE, 548 S.W.2d 775.

All of plaintiffs' contentions above are sustained.

The judgments of dismissal are reversed and the causes are remanded with instruction to reinstate same on the court's docket.

REVERSED & REMANDED.