**Franklin LONGORIA, Appellant,**

v.

**FOREMOST INSURANCE COMPANY, Appellee.**

No. C14–86–438–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 22, 1987.

Rehearing Denied March 5, 1987.

Charles A. Hood, Port Lavaca, for appellant.

Paul E. Anderson, Jr., Kathryn A. Fitzgibbon, Houston, for appellee.

Before JUNELL, DRAUGHN and ELLIS, JJ.

OPINION

JUNELL, Justice.

Appellant, Franklin Longoria, appeals a summary judgment in favor of appellee, Foremost Insurance Company.

In a single point of error appellant contends the trial court erred in granting summary judgment because notice of filing suit is not a condition precedent to recovery on a bond required by the Manufactured Housing Standards Act. We affirm.

Appellant filed a Deceptive Trade Practices Act (DTPA) suit against Continental Housing, Inc., Boulder, Inc., and National Warranty Corp. over a defective mobile home purchased in April 1980. Appellee was not a party to that action. Continental, the retailer, failed to answer and suffered a default judgment which was severed to make it final. Appellant then filed an application for writ of garnishment against appellee to collect on the bond which appellee had posted to indemnify Continental's customers. In its answer appellee alleged it was not indebted to Continental for any claim under the Texas Manufactured Housing Standards Act because appellant failed to comply with the statutory notice requirement of Article 5221f § 13(e)(4), (f). Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1986). Appellee also alleged that it was neither indebted to nor in possession of any effects belonging to Continental.

Appellee filed a motion for summary judgment based on appellant's failure to give notice of the filing of his lawsuit pursuant to Art. 5221f § 13(f) which provides:

A consumer shall inform the manufacturer, retailer, or installer, and the department of any claim against the bond or security no later than two years after the purchase of the mobile home. When-

ever the department receives notice of a claim against a bond, the department shall promptly notify the bonding company involved. If the consumer claim results in a private lawsuit being filed by the consumer, the consumer shall notify the attorney general's office and the surety company by certified mail of the filing of the lawsuit. At the time of sale or delivery of a manufactured home to a consumer, the consumer must be given conspicuous written notification of this two-year limit and the notice requirements.

Subsection (e)(4) states that any judgment obtained against a principal is conclusive against the surety or other security if notice of the filing of the suit is given as required by this section.

In his sole point of error appellant argues that summary judgment was improper because notice to appellee of the filing of the lawsuit is not a condition precedent to recovery on the bond. Appellant concedes that because no notice of the filing of the D.T.P.A. lawsuit was given to appellee or the Attorney General as required by Sec. 13, the judgment is *not* conclusive against the surety, appellee. Appellant asserts that, nonetheless, he does have the right to bring his garnishment action against appellee who can assert any viable defenses its principal, Continental, might have had. We disagree. Appellant's reasoning is correct but his method of recovery is not.

■ Garnishment is not the proper procedure to recover on the bond. As appellee alleges in its answer to the writ of garnishment, appellee is not indebted to the principal, Continental, nor in possession of any effects belonging to Continental. Appellant could have joined appellee in the original lawsuit against Continental or given notice of the lawsuit's filing as set out in Sec. 13. Neither of these routes was taken by appellant.

■ It appears to this court that in a situation where notice has not been given to the surety as required under Sec. 13 and judgment has been rendered against the principal the proper remedy is to sue the surety on the bond. To recover, the appellant would again have to prove his cause of action against the principal since the judgment cannot be deemed conclusive against the surety absent the required statutory notice.

Because the judgment against Continental was not conclusive against appellee, the trial court did not err in granting summary judgment in favor of appellee. Appellant's point of error is overruled.

The judgment is affirmed.