rivers 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-488-CV






CARROLL RIVERS AND BARBARA RIVERS,



 APPELLANTS


vs.




SCHULT HOMES CORPORATION, TEXAS LIFESTYLE MANUFACTURED HOUSING


CORPORATION, CHARLES DEVOE TREADWELL, INDIVIDUALLY, 


AND ST. PAUL'S FIRE AND MARINE INSURANCE COMPANY,




 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 453,511, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 




 Appellants Carroll Rivers and Barbara Rivers filed suit against several defendants
in connection with the purchase of a mobile home. The trial court dismissed the suit for want of
prosecution. We will affirm the trial-court judgment.



THE CONTROVERSY


 The court below dismissed the appellants' suit on the motion of appellee St. Paul's
Fire and Marine Insurance Company ("St. Paul's). The appellants maintain the trial court erred
by dismissing the case and by denying their motion to reinstate. We disagree. We believe the
chronology set forth below supports our decision.

 August 7, 1986--The appellants purchased a mobile home from appellee Texas
Lifestyle Manufactured Housing Corporation ("Texas Lifestyle").

 November 19, 1988--Alleging that the mobile home was defective and that Texas
Lifestyle made misrepresentations concerning the quality of the mobile home, the appellants filed
a Deceptive Trade Practices-Consumer Protection Act suit against Texas Lifestyle in November
1988. See Tex. Bus. & Com. Code Ann. §§ 17.41-.63 (1987 & Supp. 1992). They also joined
in the suit the manufacturer of the mobile home, Schult Homes Corporation. Both defendants
filed timely answers.

 February 16, 1989--The appellants filed an amended petition joining in the suit
Charles Devoe Treadwell. In their petition the appellants alleged Texas Lifestyle was the alter
ego of Treadwell and that Treadwell was individually liable for their damages. Treadwell and
Texas Lifestyle filed a general denial.

 September 11, 1989--The appellants filed a supplemental petition joining St. Paul's
in the suit. (1) St. Paul's filed a general denial.

 October 25, 1989--Schult Homes responded to the appellants' interrogatories.

 November 6, 1989--Treadwell and Texas Lifestyle responded to the appellants'
request for production of documents.

 December 5, 1989--The appellants responded to St. Paul's interrogatories and
request for production, which were propounded to them on October 11, 1989.

 June 26, 1991--St. Paul's filed a motion to dismiss the suit for want of prosecution,
alleging the appellants had taken no affirmative action to set their case for trial in the twenty-two
months since they had joined St. Paul's as a defendant. No other defendant filed a motion to
dismiss the cause, although counsel for Schult Homes appeared at the hearing and urged the court
to dismiss the cause as to all defendants.

 July 5, 1991--The appellants filed a motion in opposition to the motion to dismiss. 
In that motion they conceded that pretrial discovery was complete and that they were ready for
trial, but offered their counsel's trial schedule as an excuse for failing to proceed to trial earlier. 
The appellants stated they could try the case in January or February 1992.

 July 11, 1991--In a hearing on St. Paul's motion, the trial court granted the motion
to dismiss for want of prosecution. The court signed the order reflecting the dismissal on July
29, 1991.

 July 26, 1991--The appellants filed a motion to reinstate the case.

 August 5, 1991--The trial court held a hearing on the appellants' motion to reinstate. 
During that hearing Barbara Rivers testified the case was ready for trial in December 1989. She
also testified she sold the mobile home in May 1990. According to Barbara Rivers, she and her
husband did not bring the case to trial sooner because their attorney, Wade Arledge, was involved
in other trials.

 In the August 5 hearing, Arledge argued that he had been actively proceeding to
a resolution of the case, despite the appearance of inactivity from December 1989 to June 1991. 
In support of his argument, he submitted for the court's in camera inspection the following
correspondence: 

 (1) A January 4, 1989, letter from Arledge to the Texas Department of Licensing and
Regulation (the "Department"); 

 (2) a July 4, 1990, letter from Arledge to the Department; 

 (3) a July 27, 1990, letter from the Department to Arledge;

 (4) an August 6, 1990, letter from Arledge to the Department;

 (5) an August 6, 1990, letter from Arledge to the appellants;

 (6) a November 26, 1990, letter from the appellants to Arledge;

 (7) a December 6, 1990, letter from Arledge to the appellants;

 (8) a December 17, 1990, letter from the appellants to Arledge; and

 (9) a February 18, 1991, letter from the appellants to Arledge.

 After inspecting the foregoing correspondence, the trial judge offered the appellants
the "option" of nonsuiting St. Paul's only and proceeding to trial against the remaining defendants. 
The judge granted a short recess to allow the appellants to decide whether to nonsuit St. Paul's. 
Following the recess, the appellants accepted the judge's suggestion to nonsuit St. Paul's. After
counsel for St. Paul's reurged the trial judge not to reinstate the cause as to any defendants, the
judge apparently reconsidered, saying, "The Court does not find there is sufficient cause to
reinstate the cause under Rule 165a, and the ruling of July 11th stands." On the same day, the
trial judge signed the order denying the motion to reinstate. 

 The appellants appeal from the order dismissing the cause.



DISCUSSION


Motion To Dismiss


 In their first point of error, the appellants contend the trial court abused its
discretion (1) by granting St. Paul's motion to dismiss and (2) by dismissing the case against all
defendants when only St. Paul's filed a motion to dismiss.

 Whether the plaintiff prosecuted the suit with diligence is an issue committed to the
trial court's sound discretion. See Bevil v. Johnson, 307 S.W.2d 85, 87 (Tex. 1957); Ozuna v.
Southwest Bio-Clinical Labs., 766 S.W.2d 900, 901 (Tex. App. 1989, writ denied). This
standard applies whether the court dismisses the cause pursuant to its inherent power or pursuant
to a party's motion to dismiss. See Allen v. Bentley Labs., Inc., 538 S.W.2d 857, 860-61 (Tex.
Civ. App. 1976, writ ref'd n.r.e.).

 We cannot say the trial court abused its discretion in the present case. The last
activity the appellants directed toward the defendants occurred in October 1989; the appellants'
last interaction whatsoever with the defendants occurred in December 1989. During the
succeeding nineteen months the appellants made no attempt to proceed to trial or to conduct
further discovery. We conclude they did not prosecute the suit with diligence, and they have
shown no abuse of the trial court's discretion. See Ozuna, 766 S.W.2d at 902-03 (affirming a
dismissal for want of prosecution when the plaintiffs failed to prosecute the suit for a nineteen-month period); Allen, 538 S.W.2d at 860-61 (same).

 The appellants also complain of the trial court's dismissal of the suit as to all
defendants, rather than to just St. Paul's, the only party to file a motion requesting dismissal. 
That motion, however, requested that the case be dismissed; St. Paul's did not ask simply that it
be nonsuited. The order of dismissal granted no more relief than St. Paul's requested.

 Apparently arguing that a court may not grant a motion that would benefit parties
other than the movant, the appellants call our attention to Teer v. Duddlesten, 664 S.W.2d 702
(Tex. 1984). In Teer, the plaintiffs sued three defendants. Two of the defendants filed a motion
for summary judgment, which the trial court granted. The judgment, however, included a
summary judgment for the third defendant as well. The supreme court reversed the judgment,
holding that a trial court errs when it grants summary judgment for a party who did not move for
judgment. Id. at 704. The appellants contend Teer is analogous to the case at bar, and therefore
the trial court erred by granting a dismissal as to those parties who did not move for dismissal.

 We believe Teer is distinguishable from the present case. In a summary-judgment
case, the parties are not always similarly situated: An issue of material fact may exist as to one
party but not another. Consequently, a trial court should not grant summary judgment for any
party who has not moved for and proved its entitlement to judgment as a matter of law. If, on
the other hand, a suit is dismissed for want of prosecution, the only issue is the plaintiff's want
of due diligence in prosecuting the suit. That issue does not vary from one defendant to another
as a rule. We therefore conclude Teer is inapplicable.

 Moreover, a trial court may dismiss a case for want of prosecution pursuant to its
own inherent power. Veterans' Land Bd. v. Williams, 543 S.W.2d 89, 90 (Tex. 1976) (A court
possesses "the inherent power to dismiss a suit for failure to prosecute it with due diligence even
without statutory or rule authority."); see also Tex. R. Civ. P. Ann. 165a(4) (Supp. 1992). 
Therefore, even if the trial court dismissed St. Paul's from the suit pursuant to the latter's motion,
the court could still dismiss the entire case by virtue of its inherent power to dismiss suits because
of the plaintiff's want of diligence. (2) Because the appellants did not properly request or obtain
findings of fact and conclusions of law, they assumed the burden of showing the judgment was
not supported by any legal theory raised by the evidence. See Point Lookout West, Inc. v.
Whorton, 742 S.W.2d 277, 279 (Tex. 1987). We conclude the trial court's dismissal order was
supported by two theories, the trial court's inherent power to dismiss and St. Paul's motion to
dismiss. Therefore, the appellants have not met their burden.

 Finally, we note that the evidence adduced at the hearing on the appellants' motion
to reinstate established that defendants Treadwell and Texas Lifestyle have disappeared and cannot
be found. Consequently, if the trial court had nonsuited St. Paul's without dismissing the case,
the motion to dismiss would gain St. Paul's nothing: after taking a default judgment against
Treadwell and Texas Lifestyle, the appellants would be able to recover on the bond posted by St.
Paul's on behalf of Treadwell and Texas Lifestyle. See Tex. Rev. Civ. Stat. Ann. art. 5221f,
§ 13(f) (Supp. 1992) ("Any judgment obtained against a principal is conclusive against the surety
or other security if notice of the filing of suit is given as required by this section."); see also
Longoria v. Foremost Ins. Co., 725 S.W.2d 371, 372 (Tex. App. 1987, writ ref'd n.r.e.). Had
the trial court retained Treadwell and Texas Lifestyle in the suit, St. Paul's would find itself in
the same circumstances as if the court had denied its dismissal motion.

 We cannot say the trial court abused its discretion in dismissing the cause of action
in its entirety. See Landon v. Jean-Paul Budinger, Inc., 724 S.W.2d 931, 938-39 (Tex. App.
1987, no writ). We therefore overrule the first point of error.



 Motion To Reinstate


 In their second point of error, the appellants contend the trial court abused its
discretion by denying the motion to reinstate the cause. The appellants also contend in their
fourth point of error that insufficient evidence supports the trial court's denial of their motion to
reinstate the case.

 We must first determine whether the trial court abused its discretion by impliedly
finding the appellants failed to use due diligence in prosecuting their suit. See Eustice v.
Grandy's, 827 S.W.2d 12, 15 (Tex. App. 1992, no writ) (when a trial court denies a motion to
reinstate a cause dismissed for want of prosecution, the proper standard of review is whether the
trial court abused its discretion). (3)
 The appellants carry the burden of showing they exhibited due
diligence in prosecuting their case. See Stromberg Carlson Leasing Corp. v. Central Welding
Supply Co., 750 S.W.2d 862, 864 (Tex. App. 1988, no writ). In determining the issue of due
diligence, we may consider the entire history of the case, including the length of time the case was
on file, the amount of activity in the case, the request for a trial setting, and the existence of
reasonable excuses for delay. See State v. Rotello, 671 S.W.2d 507, 509 (Tex. 1984); Frenzel
v. Browning-Ferris Indus., Inc., 780 S.W.2d 844, 845 (Tex. App. 1989, no writ).

 The sale made the subject of this suit occurred in 1986. The appellants filed suit
in 1988; they joined St. Paul's in the suit in September 1989. The appellants did not serve any
discovery requests on any defendant after October 1989. The parties completed discovery by
December 5, 1989, and Barbara Rivers testified that the case was ready to go to trial at that time. 
Yet the appellants took no further action to proceed to trial during the next nineteen months. 
Moreover, in their response to the motion to dismiss, the appellants indicated they would not be
able to proceed to trial for at least six or seven months. We cannot say the trial court abused its
discretion in finding the appellants failed to prosecute their suit with due diligence. See Ozuna,
766 S.W.2d at 902-03.

 Although the appellants advance various explanations for their delay, we do not
believe their explanations demonstrate an abuse of discretion by the court below. The appellants
first contend delay was justified because their improvements to the mobile home made calculation
of damages difficult. This argument on appeal contradicts Barbara Rivers's testimony in the court
below that the case was ready for trial in December 1989. Moreover, the appellants sold the
mobile home in May 1990, more than a year before St. Paul's filed its motion to dismiss; the
appellants' damages were calculable at the time they sold the mobile home. Finally, consumers
suing under the Deceptive Trade Practices Act may allege alternatively various measures of
damages and elect to recover the greatest amount contained in the verdict. See Kish v. Van Note,
692 S.W.2d 463, 466 (Tex. 1985).

 The appellants also argue that their attorney's trial schedule caused the delay. 
Arledge presented testimony that he was involved in two lengthy criminal trials and one civil trial
during the period from December 1989 to the summer of 1991. This excuse presented the trial
court with a question of fact as to whether the appellants reasonably explained their delay. See
Coleman v. Hughes Blanton, Inc., 599 S.W.2d 643, 645 (Tex. Civ. App. 1980, no writ). By its
denial of the motion to reinstate, the trial court impliedly found the appellants' excuse lacking in
merit. From our review of the case law, we cannot say this was an abuse of discretion. See id.
(rejecting a party's excuse that his attorney missed a fifteen-day deadline for responding to a
motion to dismiss because the attorney was involved in other jury trials); see also Frenzel, 780
S.W.2d at 845 (rejecting a party's claim that the trial court abused its discretion in dismissing the
case because the appellant was conducting legal research during the period of delay); Hargrove
v. City of Garland, 581 S.W.2d 699, 701 (Tex. Civ. App., writ dism'd) (rejecting a party's claim
that his attorney's litigation schedule and "preoccupation" with Christmas holidays reasonably
explained a failure to meet a filing deadline), cert. denied, 444 U.S. 901 (1979).

 Finally, the appellants contend they were actively pursuing a resolution of the case
in the period between December 1989 and June 1991. In support of their argument, they point
to the correspondence between Arledge and the appellants and between Arledge and the
Department of Licensing and Regulation. The appellants, however, do not explain how
correspondence between an attorney and his client or correspondence between an attorney and a
nonparty state agency constitutes diligent prosecution of a case. Such correspondence does not
obtain a trial setting or otherwise bring the suit closer to resolution. See Southern Pac. Transp.
Co. v. Stoot, 530 S.W.2d 930, 932 (Tex. 1975) (holding that a court is entitled to dismiss a case
for want of prosecution when the plaintiff makes no attempt to bring the case to trial). After
examining the correspondence in camera, the trial court denied the motion to reinstate the case,
thereby impliedly finding the correspondence did not establish due diligence. We find nothing
in the record or the appellants' argument to establish that the trial court abused its discretion in
making that determination. Even if the appellants somehow intended the correspondence to be
a prelude to settlement negotiations, as they appear to suggest in their brief, settlement activity
does not excuse want of diligent prosecution. See Texas Soc'y, Daughters of the Am. Revolution
v. Estate of Hubbard, 768 S.W.2d 858, 860 (Tex. App. 1989, no writ).

 We conclude the appellants have not shown the trial court abused its discretion by
denying the motion to reinstate the case. See Rotello, 671 S.W.2d at 509; Speck v. Ford Motor
Co., 709 S.W.2d 273, 276 (Tex. App. 1986, no writ). We therefore overrule the second point
of error.

 In their fourth point of error, the appellants maintain the trial court's denial of their
motion to reinstate the case is contrary to the great weight and preponderance of the evidence. (4) 
Because the appellants did not obtain findings of fact and conclusions of law, we must assume that
the trial court made all the necessary findings to support its judgment. See Burnett v. Motyka, 610
S.W.2d 735, 736 (Tex. 1980). The appellant may challenge the implied findings by insufficient-evidence points, however, just as if there were jury findings or a trial court's findings of fact. 
Id.

 To determine whether an implied finding is contrary to the great weight and
preponderance of the evidence, we must consider and weigh all the evidence, including any
evidence contrary to the trial court's judgment. See id.; see also Cain v. Bain, 709 S.W.2d 175,
176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951). We set aside the trial-court judgment only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Cain, 709 S.W.2d at 176.

 The trial court impliedly found that (1) the appellants did not prosecute their suit
with due diligence, and (2) they did not have a reasonable explanation for their failure to prosecute
their suit. Because the appellants took no affirmative action to obtain a trial setting for nineteen
months, we believe the evidence is sufficient to support the first implied finding. The record
before us does not compel the conclusion that the appellants were making a diligent effort to get
the case to trial.

 In the trial court, the appellants urged those excuses set forth in our discussion of
point of error two as justification for their failure to prosecute the suit earlier. The trial court
rejected the appellants' explanations. We cannot say the trial court's action is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. 

 We overrule the fourth point of error.



Bias of Trial Judge


 In their third point of error, the appellants contend "the trial court abused its
discretion when it abandoned its role as an impartial fact finder and became an advocate for [St.
Paul's]." According to the appellants, the trial court's withdrawal of its initial offer to nonsuit
St. Paul's and the subsequent dismissal of the entire cause "amounts to something less than
impartiality, and exceeds the authority granted the court." The appellants cite no authority for
their contention.

 We detect no bias in the trial court's action. The trial court merely offered the
appellants a choice between taking a nonsuit and suffering a denial of their motion to reinstate;
this suggestion was an apparent attempt to find a compromise between the parties' positions. We
believe the trial court was entitled to reconsider the offer after the attorney for St. Paul's argued
against the nonsuit, explaining that such a procedure prejudiced St. Paul's because its indemnitee,
Texas Lifestyle, had disappeared. We note that the trial court had not signed an order or even
orally rendered judgment nonsuiting St. Paul's. We decline to infer bias when a trial court
reconsiders a course of action during a hearing because of a further review of the facts or the law.

 Even if we were to presume bias on the part of the trial court against the appellants,
this alone would not constitute error. The appellants would also have to point to an erroneous
ruling made by the court as a result of the bias; the erroneous ruling, rather than the bias itself,
would give the appellants the right to complain. See Quarles v. Smith, 379 S.W.2d 91, 92 (Tex.
Civ. App. 1964, writ ref'd n.r.e.); see also Grider v. Boston Co., 773 S.W.2d 338, 346 (Tex.
App. 1989, writ denied). We held above that, under the facts presented, the trial court acted
within its discretion by overruling the motion to reinstate. Therefore, the appellants have
presented no erroneous ruling arising from the alleged bias. We overrule the third point of error. 
See Christopher v. Fuerst, 709 S.W.2d 266, 269 (Tex. App. 1986, writ ref'd n.r.e.) (rejecting
a claim that the trial court dismissed a case for want of prosecution because of bias).



Failure To File Findings of Fact and Conclusions of Law


 In their fifth point of error, the appellants contend the trial court erred by failing
to file findings of fact and conclusions of law. St. Paul's responds that the appellants did not
timely file their request for findings of fact and conclusions of law. We agree.

 A party requesting findings of fact and conclusions of law must file its request in
writing within twenty days after judgment is signed. Tex. R. Civ. P. Ann. 296 (Supp. 1992). 
The trial court signed the order of dismissal on July 29, 1991. The appellants filed their request
for findings of fact and conclusions of law on August 27, 1991, twenty-nine days after the signing
of the judgment. Thus, their request was untimely under Rule 296.

 The appellants argue that (1) their motion to reinstate operated as a motion for new
trial, and (2) their time for filing their request began on the day the trial court denied their motion
to reinstate, citing Davis v. Laredo Diesel, Inc., 611 S.W.2d 943 (Tex. Civ. App. 1981, writ
ref'd n.r.e.). Davis, however, preceded the 1984 amendment to Rule 296. Before the 1984
amendment, a party could request findings of fact and conclusions of law "within ten days from
rendition of final judgment or order overruling motion for new trial." The present rule requires
a party to file a request for findings of fact and conclusions of law "within twenty days after
judgment is signed." Tex. R. Civ. P. Ann. 296 (Supp. 1992) (emphasis added). The date the
court overrules the motion for new trial or motion to reinstate is no longer significant for purposes
of Rule 296. We conclude Davis is inapplicable to the present case.

 Moreover, the trial court signed the order denying the motion to reinstate on
August 5, 1991. The appellants did not file their request for findings of fact and conclusions of
law until August 27, 1991, twenty-two days after the denial of the motion to reinstate. Therefore,
even if we were to accept the appellants' argument concerning the timetable, they failed to file
their request within the allotted time. We overrule the fifth point of error.

 Finding no error, we affirm the trial-court judgment in all respects.





 Jimmy Carroll, Chief Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: July , 1992

[Publish] [Do Not Publish]
1. It appears from the record that St. Paul's posted a security bond for Texas Lifestyle in
compliance with the Manufactured Housing Standards Act. See Tex. Rev. Civ. Stat. Ann. art.
5221f, § 13 (Supp. 1992) (requiring a manufacturer or retailer of mobile homes to post a bond
in order to receive a certificate of registration from the commissioner of the Texas Department
of Licensing and Regulation).
2. Although the order of dismissal refers to St. Paul's motion to dismiss, the order does not
specifically state that the motion is the sole ground for dismissal. The July 29, 1991, order of
dismissal recites:


 On this day came on to be heard the Defendant St. Paul's Fire and
Marine Insurance Company's Motion to Dismiss Plaintiff's case for want of
prosecution. The Court having heard the argument of counsel and the evidence
presented, the Court is of the opinion that the Motion is well taken and should
be granted.

 IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that
Plaintiff's case is now dismissed in its entirety for want of prosecution.
3. Relying on Texas Rule of Civil Procedure 165a(3), the appellants contend the trial court
must reinstate the case "upon finding after a hearing that the failure of the party or his attorney
was not intentional or the result of conscious indifference but was due to an accident or
mistake or that the failure has been otherwise reasonably explained." See Tex. R. Civ. P.
Ann. 165a(3) (Supp. 1992). We disagree. Several courts have held that the Rule 165a(3)
reinstatement standard applies only to cases dismissed for want of prosecution because of the
failure of an attorney or party to appear at trial. See, e.g., Eustice v. Grandy's, 827 S.W.2d
12, 15 (Tex. App. 1992, no writ); Ozuna, 766 S.W.2d at 903. Rule 165a(3) does not apply
when a court dismisses a cause pursuant to its inherent power or a party's motion. Eustice,
827 S.W.2d at 15.

4. In their brief, the appellants complain the evidence is insufficient to support the
judgment. Because they bore the burden of proof on the issue of reinstatement and the trial
court found that they did not carry that burden, they must argue instead that the trial-court
finding is contrary to the great weight and preponderance of the evidence. See William
Powers, Jr. and Jack Ratliff, Another Look at "No Evidence" and "Insufficient Evidence," 69
Tex. L. Rev. 515, 519 (1991).