TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00025-CV






Louis Barrelle, Appellant



v.



James F. Miller, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT


NO. 163,147-C, HONORABLE C. W. DUNCAN, JR., JUDGE PRESIDING







 Louis Barrelle appeals the district court's dismissal of his suit against James Miller. 
We will affirm the district court judgment.


BACKGROUND


 Barrelle and Miller were involved in a car accident on May 10, 1985. On February
13, 1997, Barrelle sued Miller for slander based on statements Miller made to an insurance
investigator shortly after the accident. Barrelle did not request a jury trial. Miller filed his
original answer on September 2, 1997. The parties conducted discovery over the next twenty
months. The record shows that Barrelle made his final discovery request on April 29, 1999.

 On May 24, 1999, the district court notified Barrelle that the case was set for the
dismissal docket on September 2, 1999 and would be dismissed for want of prosecution if not set
for trial or a hearing. The district court also notified Barrelle that a contested setting request must
include proof of mediation or a motion to show cause why mediation is inappropriate and an
agreed Rule 165a scheduling order. (1) 

 Barrelle failed to appear before the court at the docket call on September 2. (2) 
Barrelle also failed to comply with the contested setting request requirements. The court
dismissed the case without prejudice on September 2 "in accordance with Rule 165 for want of
prosecution." On September 10, 1999, Barrelle filed a motion to reinstate. The court denied
appellant's motion.

 Following the denial of his motion to reinstate, Barrelle requested findings of fact
and conclusions of law. The court found that Barrelle had never requested a trial setting or
submitted an agreed Rule 165a scheduling order; thus, the court concluded that the case was
dismissed without prejudice in accordance with Rule 165a for want of prosecution.


DISCUSSION


 Barrelle argues that the district court erroneously relied upon a former version of
Texas Rule of Civil Procedure 165a when it dismissed his case. A trial court may dismiss under
Rule 165a for "failure of any party seeking affirmative relief to appear for any hearing or trial of
which the party had notice," Tex. R. Civ. P. 165a(1), or when a case is "not disposed of within
the time standards promulgated by the Supreme Court . . . ." Tex. R. Civ. P. 165a(2). Rule
6(b)(2) of the Rules of Judicial Administration provides that civil nonjury cases must be disposed
of within twelve months from the appearance date. See Tex. R. Jud. Admin. 6(b)(2); Villarreal
v. San Antonio Truck & Equip., 994 S.W.2d 628, 631 (Tex. 1999). (3) 

 Appellant contends that in dismissing the case, the district court improperly relied
upon the version of Rule 165a(1) in effect from February 1, 1973 until December 31, 1975, which
provided for dismissal for failure to appear at any hearing, trial, or docket call. Appellant argues
that it was error to dismiss the case based on his failure to attend the dismissal docket call because
the reference to "docket call" was deleted in the 1976 amendment to Rule 165a(1). See Davis v.
Laredo Diesel, 611 S.W.2d 943, 946 (Tex. Civ. App.--Waco 1981, writ ref'd n.r.e.) (dismissal
cannot be based upon failure to appear at docket call).

 The decision to dismiss a case for want of prosecution rests within the sound
discretion of the trial court and can be disturbed on review only if it amounted to a clear abuse
of discretion. See State v. Rotello, 671 S.W.2d 507, 508-09 (Tex. 1984); Bevil v. Johnson, 307
S.W.2d 85, 87 (Tex. 1957). A trial court abuses its discretion when it acts in an arbitrary and
unreasonable manner or when it acts without reference to any guiding principles. See Beaumont
Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991); Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241-42 (Tex. 1985). Although the district court stated in the judgment that
dismissal was based upon Rule 165a, the court did not specify whether it relied upon Barrelle's
failure to appear or failure to prosecute the case within the time standards promulgated by the
Texas Supreme Court. (4) Nor did the court specify in its findings of fact and conclusions of law
on which section of Rule 165a it relied. Accordingly, we will consider whether the trial court
abused its discretion by dismissing Barrelle's case on either basis provided for by Rule 165a,
beginning with the failure to try the case within the supreme court's time guidelines.

 Barrelle filed his original petition in February 1997. Miller filed his answer on
September 2, 1997. The trial court notified Barrelle in May 1999 that his case would be
dismissed in September 1999 unless set or heard. The record reflects that Barrelle took no further
action and that his case was dismissed on September 3, 1999, approximately twenty-four months
after Miller's appearance. The Texas Supreme Court has deemed twelve months to be a
reasonable time period for disposing of a case like this. We cannot say that the trial court abused
its discretion in dismissing the case pursuant to Rule 165a(2).

 Appellant also contends that the trial court erroneously based its dismissal on
language in a former version of Rule 165a(1), authorizing dismissal for failure to request a
hearing or take other action specified by the court within fifteen days after the mailing of notice
of the court's intention to dismiss. Having concluded that the trial court did not abuse its
discretion in dismissing the case pursuant to Rule 165a(2), we need not address this argument. 
See Tex. R. App. P. 47.1. We affirm the district court judgment.



 
 

 Jan P. Patterson, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed 

Filed: June 15, 2000

Do Not Publish

1. Barrelle does not contend that he received inadequate notice.
2. Appellant admits to being in the courtroom on September 2, 1997 and to failing to inform
the court of his presence when the case was called.
3. A trial court also has inherent power to dismiss a case when a plaintiff fails to prosecute the
case with due diligence. See Villarreal, 994 S.W.2d at 630. Because the trial court specified that
the Rule 165a standard of dismissal was used, we do not address the independent common law
power of dismissal.
4. The dismissal judgment states: 


[t]he parties and/or their attorneys having been notified more than fifteen (15) days
prior hereto, and no action being taken to request a hearing or otherwise, the court
on its own motion finds that such cause should be in all things dismissed without
prejudice in accordance with Rule 165a for want of prosecution.


miss the case based on his failure to attend the dismissal docket call because
the reference to "docket call" was deleted in the